```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  STATESVILLE DIVISION
                    5:99CV178-MU-02
```

| | |
|---|---|
| **JOHN FRANK BOWEN,** )<br>    Petitioner, )<br>                             )<br>   v.                            )<br>                             )<br>**CARLA O'KONEK, Supt.,** )<br>    Respondent. )<br>_____) | <u>ORDER</u> |

**THIS MATTER** comes before the Court on the petitioner's "Motion To Release Petitioner Under 28 U.S.C. 2254(e)(2)A)(i)," filed December 22, 2004 (document # 65); and on his "Motion To Restrain And Compel In The Above Pending Case," filed June 21, 2005 (document # 67).

By the petitioner's Motion to Release, he is seeking his release from State custody pursuant to the U.S. Supreme Court's recent ruling in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). More particularly, by this Motion the petitioner contends that the new rule which was announced in <u>Blakely</u> is retroactively applicable to his case; and that since he did not admit, and the State did not prove, the facts which were used to calculate his aggravated sentence, he is entitled to an immediate release from custody. That is, the petitioner believes that by virtue of the <u>Blakely</u> decision he now is serving a term which is beyond the maximum sentence that could have been imposed in the absence of

the aggravating factors.

It goes without saying, however, that the petitioner's Motion for Release is baseless. Indeed, the U.S. Supreme Court did not make its ruling in <u>Blakely</u> retroactively applicable to cases, such as this one, which are on collateral review. Moreover, in <u>United States v. Sanders</u>, 247 F.3d 139, 149 (4th Cir.), <u>cert. denied</u>, 534 U.S. 1032 (2001), the Court of Appeals held that the rule announce in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)--<u>Blakely's</u> progenitor--is <u>not</u> retroactively applicable to cases such as this one.

In <u>Sanders</u>, the Fourth Circuit reasoned that <u>Apprendi's</u> holding (and by extension, <u>Blakely's</u> holding) cannot be applied retroactively in collateral proceedings because "the new rule announced in <u>Apprendi</u> does not rise to the level of a watershed rule of criminal procedure which 'alter[s] our understanding of the bedrock elements essential to the fairness of a proceeding.'" (internal citations omitted). <u>See also</u> <u>United States v. Fowler</u>, No. 05-6493, slip op at 1 (W.Va. June 17, 2005) (noting that "neither <u>Booker</u> nor <u>Blakely</u> announce a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."). Therefore, the petitioner's Motion to Release will be <u>denied</u>.

As to his Motion to Restrain, there the petitioner seeks an Order "to restrain the postal officer at this Ablemarle [sic] facility # 4580 along with the Superintendent[,] Jennifer Langley

from mailing the thousands of pages in the above styled case with related case documents and case laws from the facility . . . ." However, inasmuch as the petitioner is asking this Court to take action concerning matters which reportedly are taking place at a facility which is situated outside of this judicial district, this Court must <u>deny</u> such Motion for lack of jurisdiction.

To put it simply, this Court does not have the authority to take action on matters which allegedly are occurring outside of the Western District of North Carolina.  Rather, assuming he has fully exhausted his administrative remedies regarding these matters, the petitioner must direct his concerns to the attention of the federal district court for the Middle District of North Carolina--the judicial district in which the facility in question is located.  Therefore, this Motion also will be <u>denied</u>.

**NOW, THEREFORE, IT IS ORDERED:**

1.  That the petitioner's Motion to Release (document # 65) is **DENIED** and

2.  That the petitioner's Motion To Restrain (document # 67) is **DENIED.**

**SO ORDERED.**

**Signed: October 17, 2005**

Graham C. Mullen
Chief United States District Judge